**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN**

CHRISTINA GILMORE, 5035 39th Ave, Kenosha WI 53144

*Plaintiff*,

v.

RPF SOMERS LLC, 1070 59th Ave, Kenosha, WI 53144

LV PROPERTY MANAGEMENT, LLC, 1949 St Johns Ave Suite 202, Highland Park, IL 60035

SAMANTHA MOORE, 1949 St Johns Ave Suite 202, Highland Park, IL 60035

ANGELA MOON, 1070 59th Ave, Kenosha, WI 53144

*Defendants*.

Case No. _____

**COMPLAINT AND JURY DEMAND**

**Nature of the Action**

1. Plaintiff brings this action under the Fair Housing Act, 42 U.S.C. §§ 3604(f) and 3617, and Wisconsin Stat. § 704.45, alleging disability discrimination, failure to provide reasonable accommodations, failure to permit reasonable modifications, retaliation, and interference with protected rights.

**Jurisdiction and Venue**

2. This Court has jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 3613, and supplemental jurisdiction under 28 U.S.C. § 1367.

3. Venue is proper in this district because the events giving rise to the claims occurred in Kenosha County, Wisconsin.

**Parties**

4. Plaintiff Christina Gilmore is a resident of Kenosha County, Wisconsin.

5. Plaintiff is an individual with a disability within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(h).

6. Plaintiff suffers from permanent physical and neurological impairments, specifically spastic cerebral palsy and autonomic nervous system dysfunction, which substantially limit her major life activities, including walking, lifting, bending, standing, and physiological regulation.

1

7. Defendant RPF Somers LLC owned Hawthorn Apartments, located in Kenosha County, Wisconsin.

8. Defendant LV PROPERTY MANAGEMENT, LLC managed Hawthorn Apartments.

9. Defendant Angela Moon served as Property Manager.

10. Defendant Samantha Moore served as Regional Property Manager.

Statement of Claim

11. Plaintiff maintained disability accommodations recognized by Defendants for approximately four years.

12. On May 13, 2024, Defendant Angela Moon demanded that Plaintiff obtain new medical verification to correct an internal filing error made by Defendants' former staff.

13. Defendant Moon explicitly conditioned the continuation of Plaintiff's long-standing accommodations on Plaintiff completing Defendants' specific internal company accommodation forms.

14. Plaintiff's physical and neurological disabilities, as well as her need for the accommodations, were clear, obvious, and had been openly recognized by Defendants and prior property management for approximately four years.

15. Defendants' demands for recertification and mandatory use of internal company forms violated the Fair Housing Act and standard federal fair housing guidelines.

DOCX

16. On May 13, 2024, Plaintiff filed a housing housing discrimination complaint with the U.S. Department of Housing and Urban Development ("HUD") regarding these unlawful demands.

17. On or about June 5, 2024, Plaintiff met with Defendant Samantha Moore regarding additional disability-related accommodations necessary to alleviate

18. During this meeting, Plaintiff proactively engaged in the interactive process by proposing a lower-cost alternative for the dog park entrance, acknowledging that an electronic gate might present an administrative challenge. This alternative was designed to allow Plaintiff safe, accessible entry.

2

19. Plaintiff additionally requested accommodations for an accessible grassy area due to sinking and uneven ground causing safety issues, and "a piece" of accessible fitness equipment to safely use and enjoy the common area amenities afforded to tenants without disabling conditions.

20. On June 10, 2024, Defendant Samantha Moore summarily denied Plaintiff's common-area accommodation requests based on undue hardship and financial burden without substantiation or providing alternatives.

21. In issuing this denial, Defendants completely ignored Plaintiff's proposed lower-cost alternative, failed to propose any viable alternative accommodations, and refused to participate in an ongoing, good-faith interactive process required under the Fair Housing Act.

22. On July 2, 2024, Maintenance delivered Plaintiff's side by side refrigerator, an accommodation approved on June 7, 2024. This is an amenity that comes standard for residents living in Non-ADA compliant units.

23. On July 5, 2024, three days after the partial accommodation approval and delivery process was completed, Defendants issued a notice of non-renewal in retaliation for Plaintiff's accommodation requests and HUD complaint.

24. On August 1, 2024, Plaintiff notified Defendants that the non-renewal constituted unlawful retaliation under Wisconsin Stat. § 704.45.

25. On August 14, 2024, "Hawthorn Management" responded to the August 1, 2024 invoking of rights under Wisconsin Stat. § 704.45. However, the response failed to address or satisfy the statutory burden of proof required under § 704.45.

26. Rather than providing a legitimate, substantiated, non-retaliatory justification for the non-renewal, "Hawthorn Management" offered only a blanket, conclusory denial, asserting without evidence that the non-renewal "was not related to my accommodations".

Claims for Relief

Count I – Failure to Make Reasonable Accommodations (42 U.S.C. § 3604(f)(3)(B))

27. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

28. Defendants violated the FHA by denying requests for reasonable accommodations necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling.

3

**Count II – Failure to Permit Reasonable Modifications (42 U.S.C. § 3604(f)(3)(A))**

29. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

30. Defendants violated the FHA by refusing to permit reasonable modifications of existing premises necessary to afford Plaintiff safety and full enjoyment of the premises.

**Count III – Retaliation and Interference (42 U.S.C. § 3617)**

31. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

32. Defendants coerced, intimidated, threatened, or interfered with Plaintiff on account of her having exercised or enjoyed rights protected under the FHA.

**Count IV – Retaliation (Wisconsin Stat. § 704.45)**

33. Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

34. Defendants unlawfully filed a notice of non-renewal in retaliation for Plaintiff's good-faith complaints regarding housing housing discrimination and accommodation requests.

**Prayer for Relief**

Plaintiff requests judgment in her favor and against Defendants for the following relief:

- Compensatory damages for emotional distress, economic loss, and deprivation of housing opportunities;
- Punitive damages as permitted by law;
- Appropriate declaratory and injunctive relief;
- Reasonable attorney's fees, litigation expenses, and costs of this action; and
- Such other relief as the Court deems just and proper.

**Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

Dated: 06/30/2026

Respectfully submitted,

Christina Gilmore, Plaintiff Pro Se

5035 39th Ave Kenosha, WI 53144

(262) 220-2340

happygilmoregirl@gmail.com

5